
FILED
MAY 3 0 2018
Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JEFFREY HAMILTON,<br>JEFFREY MILLS,<br>DAVID AZURE,<br>DAVID TRENT,<br>JAMES GENE MARTIN,<br>BENJAMIN LLEWELLYN,<br>COLTON MOUNTAIN SHEEP,<br>COLTON DAVIDSON,<br>JOSEPH RAMMING,<br>ERIC CISNEROS,<br>LOUIS CARTER,<br>DYLAN LEE MONROE KLEIN,<br>KORY HUBBLE,<br>DAVID WALTON,<br>COLE FRANCISCO,<br>TYLER KORTAN,<br>CHAD BJORK,<br>DONALD YORK,<br>JAMES MYRAN,<br>JACOB FLEMING,<br><br>      Petitioners,<br><br>vs.<br><br>JAMES SALMONSON,<br><br>      Respondent. | Cause No. CV-18-30-H-DLC-JTJ<br><br>ORDER |

This case comes before the Court on Petitioners' application for writ of

1

habeas corpus. Petitioners are state prisoners proceeding pro se. In what Petitioners characterized as an "en masse petition for writ of habeas corpus 28 USC §2254 as per Rule 23 of the Federal Rules of Civil Procedure," the pro se petitioners, sought to challenge the constitutionality of the criminal charging process utilized against them by the State of Montana. *See generally* (Doc. 1 at 19-33).

The Court informed the petitioners that they would not be allowed to proceed together as a group. *See generally,* (Doc. 3). Specifically, the Court held joinder under Fed. R. Civ. P. 20 was inconsistent with 28 U.S.C. §§ 2244 and 2254. Further, in light of the individualized prerequisites to habeas relief, no petitioner could adequately act as a "representative" of any other petitioner, *see* Fed. R. Civ. P. 23(a), and no petitioner could "fairly and adequately protect the interests of the class," *see* Fed. R. Civ. P. 23(a)(4). *Id.* at 5. Thus, the Court elected not to apply Federal Rules of Civil Procedure 20 and 23. *Id., citing* Rule 12, Rules Governing § 2254 Cases; *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). The Court then characterized the "en masse" filing as individual petitions under 28 U.S.C. §2254 and separate cases were opened for each petitioner.

Petitioners have now proceeded individually and all motions that were originally filed in the above-reference matter have been separately filed and addressed in each petitioner's individual case.

Based on the foregoing, the Court enters the following:

**ORDER**

1. All motions pending in the above-referenced matter, are DENIED as moot.

2. The Clerk of Court is directed to close this case.

DATED this 30th day of May, 2018.

*/s/ John Johnston*
John Johnston
United States Magistrate Judge